## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS,
## AUSTIN DIVISION

| | | |
|---|---|---|
| ZIP TOP, LLC, AND<br><br>FINELL CO., LLC<br><br>    Plaintiffs,<br><br>v.<br><br>BLUEAVOCADO CO.,<br><br>    Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 1:18-cv-00276-LY |

## DEFENDANT BLUEAVOCADO CO.'S
## SECOND AMENDED ANSWER AND COUNTERCLAIMS

Defendant BlueAvocado Co. ("Defendant" or "BlueAvocado"), by and through its undersigned counsel, hereby submits its Second Amended Answer and Counterclaims to Plaintiffs Zip Top, LLC and Finell Co., LLC's (collectively, "Plaintiffs") Original Complaint ("Complaint").

## NATURE OF THE ACTION AND BACKGROUND

1.    Defendant denies the allegations contained in the first sentence of paragraph 1 to the extent that BlueAvocado was not seeking a business partnership with Finell Co., LLC, but rather Rebecca Finell as a designer, individually, to design reusable storage products; Defendant admits the remainder of the allegations in the first sentence of paragraph 1. Defendant has insufficient knowledge or information to form a belief about the truth of the allegations contained in the second sentence of paragraph 1 of the Complaint, and therefore denies the same.

2.    Defendant admits that it did engage in discussions with Rebecca Finell for her expertise as a designer as a complement to BlueAvocado's similar success in creating award-winning designs for reusable storage bags. Defendant has insufficient knowledge or information to form a

belief about the truth of the claims contained in sentences 2–4 of paragraph 2 of the Complaint, and therefore denies the same.

3.      Defendant has insufficient knowledge or information to form a belief about the truth of the allegations contained in sentence 1 of paragraph 3 of the Complaint, and therefore denies the same. Defendant admits the allegations contained in sentence 2 of paragraph 3 to the extent these claims were made as part of a March 26, 2018 cease and desist letter that BlueAvocado sent prior to commencement of the instant litigation.

4.      Paragraph 4 of the Complaint contains conclusions of law, to which no response is required. To the extent that a response is deemed required, Defendant admits the allegations contained in paragraph 4 of the Complaint.

## PARTIES

1.      Defendant has insufficient knowledge or information to form a belief about the truth of the allegations contained in paragraph 1 of this section of the Complaint, and therefore denies the same.

2.      Defendant has insufficient knowledge or information to form a belief about the truth of the allegations contained in paragraph 2 of this section of the Complaint, and therefore denies the same.

3.      Defendant has insufficient knowledge or information to form a belief about the truth of the allegations contained in paragraph 3 of this section of the Complaint, and therefore denies the same.

4.      Defendant admits the allegations contained in paragraph 4 of this section of the Complaint.

5.      Defendant denies the allegations contained in paragraph 5 of this section of the Complaint to the extent that BlueAvocado designs, markets and sells its reusable products to reduce

waste in landfills, which includes reusable shopping bags, to lunch bags, to snack and food storage bags. Each product is manufactured differently. Some are sewn and others heat-sealed, or some combination of both. Defendant admits it has a line of reusable storage bags, called (re)zips, made from a food-grade PEVA plastic. Some of the original (re)zip designs are sewn and sealed with zipper, and others are cut and heat sealed. Defendant denies that all its products are manufactured exactly the same way.

## JURISDICTION AND VENUE

6.      Defendant admits the allegations contained in paragraph 6 of the Complaint.

7.      Defendant admits the allegations contained in sentences 1 and 3 of paragraph 7 of the Complaint. Defendant has insufficient knowledge or information to form a belief about the truth of the allegations contained in sentences 2 and 4 of paragraph 7 of the Complaint, and therefore denies the same.

8.      Defendant admits the allegations contained in paragraph 8 of the Complaint.

9.      Defendant admits the allegations contained in paragraph 9 of the Complaint.

## VENUE

10.      Defendant admits the allegations contained in paragraph 10 of the Complaint.

## GENERAL ALLEGATIONS

### Rebecca Finell's Prior Experience

11.      Defendant has insufficient knowledge or information to form a belief about the truth of the allegations contained in paragraph 11 of the Complaint, and therefore denies the same.

12.      Defendant has insufficient knowledge or information to form a belief about the truth of the allegations contained in paragraph 12 of the Complaint, and therefore denies the same.

13.      Defendant admits the allegations contained in paragraph 13 of the Complaint.

14. Defendant has insufficient knowledge or information to form a belief about the truth of the allegations contained in paragraph 14 of the Complaint, and therefore denies the same.

15. Defendant has insufficient knowledge or information to form a belief about the truth of the allegations contained in paragraph 15 of the Complaint, and therefore denies the same.

16. Defendant has insufficient knowledge or information to form a belief about the truth of the allegations contained in paragraph 16 of the Complaint, and therefore denies the same.

17. Defendant has insufficient knowledge or information to form a belief about the truth of the allegations contained in paragraph 17 of the Complaint, and therefore denies the same.

18. Defendant admits the allegations contained in paragraph 18 of the Complaint.

19. Defendant has insufficient knowledge or information to form a belief about the truth of the allegations contained in paragraph 19 of the Complaint, and therefore denies the same.

**BlueAvocado Products, Patents and Trademarks**

20. Defendant denies the allegations contained in the first sentence of paragraph 20 to the extent that BlueAvocado only makes (re)zips and that its (re)zip products only include 2 types of bags. Defendant admits the allegations contained in the second sentence of paragraph 20 to the extent that its products are currently made of food-grade plastic. Defendant admits the allegations contained in the third sentence of paragraph 20.

21. Defendant denies the allegations contained in paragraph 21 to the extent it has one issued utility patent and one pending utility patent. Defendant admits the remainder of the allegations in this paragraph.

22. Defendant admits the allegations contained in paragraph 22.

23. Defendant admits the allegations contained in paragraph 23.

24. Defendant admits the allegations contained in paragraph 24.

25. Defendant admits the allegations contained in paragraph 25.

## BlueAvocado's Attempt to Partner with Finell Co.

26.     Defendant admits the allegations contained in paragraph 26.

27.     Defendant admits the allegations contained in sentences 1 and 4 of paragraph 27. Defendant denies the allegations contained in sentences 2 and 3 of paragraph 27 to the extent that the NDA was not provided to and signed by Rebecca Finell on behalf of Finell Co., LLC, and that the NDA was provided to Ms. Finell on an earlier date.

28.     Defendant admits the allegations contained in paragraph 28.

29.     Defendant admits the allegations contained in paragraph 29.

30.     Defendant admits the allegations contained in paragraph 30.

31.     Defendant admits the allegations contained in paragraph 31.

32.     Defendant admits the allegations contained in paragraph 32.

33.     Defendant admits the allegations contained in paragraph 33.

34.     Defendant admits the allegations contained in paragraph 34.

35.     Defendant admits the allegations contained in paragraph 35.

36.     Defendant admits the allegations contained in paragraph 36.

37.     Defendant admits the allegations contained in paragraph 37.

38.     Defendant admits the allegations contained in paragraph 38.

39.     Defendant admits the allegations contained in paragraph 39.

40.     Defendant has insufficient knowledge or information to form a belief about the truth of the allegations contained in the last sentence of paragraph 40 of the Complaint regarding a back-dated signature, and therefore denies the same. Defendant admits to the remaining allegations contained in paragraph 40.

41.     Defendant admits the allegations contained in sentence 1 and 2 of paragraph 41 to the extent that Ms. Finell had conversations with BlueAvocado board members Amy George and Amanda

Nevins at different times in an attempt to revisit the original agreement in whole or in part. Defendant denies the remaining the allegations contained in paragraph 41.

## Finell's Launch of Zip Top

42.     Defendant has insufficient knowledge or information to form a belief about the truth of the allegations contained in paragraph 42 of the Complaint, and therefore denies the same.

43.     Defendant has insufficient knowledge or information to form a belief about the truth of the allegations contained in paragraph 43 of the Complaint, and therefore denies the same.

44.     Defendant has insufficient knowledge or information to form a belief about the truth of the allegations contained in paragraph 44 of the Complaint, and therefore denies the same.

45.     Defendant has insufficient knowledge or information to form a belief about the truth of the allegations contained in paragraph 45 of the Complaint, and therefore denies the same.

## BlueAvocado's Demand for Damages

46.     Defendant admits the allegations contained in paragraph 46.

## COUNT I – DECLARATORY JUDGMENT OF NO PATENT INFRINGEMENT

47.     Defendant realleges and incorporates by reference its answers to paragraphs 1–46 above as if set forth fully herein.

48.     Defendant admits the allegations contained in paragraph 48 to the extent it did not identify specific patents in its letter.

49.     Defendant denies the allegations contained in paragraph 49 to the extent it now owns one granted utility patent, U.S. Utility Patent No. US10,000,033B2. Defendant admits the remainder of the allegations in this paragraph.

## No Infringement of U.S. Design Patent No. D753,444

50.     Defendant denies the allegations contained in the first sentence of paragraph 50 to the extent that it is alleged that Defendant "may own," but in fact does own, U.S. Design Patent No. D753,444. Defendant admits to the remaining allegations contained in paragraph 50.

51.     Defendant admits the allegations contained in paragraph 51.

52.     Defendant admits the allegations contained in sentences 1, 2 and 4 of paragraph 52 of the Complaint. Defendant denies the allegations contained in sentences 3 and 5 of paragraph 52 of the Complaint.

53.     Defendant admits the allegations contained in paragraph 53.

54.     Defendant admits the allegations contained in paragraph 54.

55.     Paragraph 55 of the Complaint contains conclusions of law, to which no response is required. To the extent that a response is deemed required, Defendant admits the allegations contained in paragraph 55 of the Complaint.

### No Infringement of the allowed claims of the '475 Utility Patent Application

56.     Defendant denies the allegations contained in paragraph 56 to the extent that U.S. Utility Patent No. US10,000,033B2 has now issued. Defendant admits the allegations contained in the second sentence of paragraph 56.

57.     Defendant denies the allegations contained in paragraph 57 to the extent that U.S. Utility Patent No. US10,000,033B2 has now issued. Defendant admits the remaining allegations contained paragraph 57.

58.     Defendant admits the allegations contained in paragraph 58.

59.     Defendant admits the allegations contained in paragraph 59.

60.     Defendant denies the allegations contained in paragraph 60.

61.     Defendant has insufficient knowledge or information to form a belief about the truth of the allegations contained in paragraph 61 of the Complaint, and therefore denies the same.

62. Defendant has insufficient knowledge or information to form a belief about the truth of the allegations contained in paragraph 62 of the Complaint, and therefore denies the same.

63. Paragraph 63 of the Complaint contains conclusions of law, to which no response is required. To the extent that a response is deemed required, Defendant admits the allegations contained in paragraph 63 of the Complaint.

### No Infringement of the pending claims of the '511 Patent Application

64. Defendant admits the allegations contained in paragraph 64.

65. Defendant admits the allegations contained in paragraph 65.

66. Defendant admits the allegations contained in paragraph 66.

67. Defendant admits the allegations contained in paragraph 67.

68. Defendant admits the allegations contained in paragraph 68.

69. Defendant denies the allegations contained in paragraph 69.

70. Defendant has insufficient knowledge or information to form a belief about the truth of the allegations contained in paragraph 70 of the Complaint, and therefore denies the same.

71. Defendant has insufficient knowledge or information to form a belief about the truth of the allegations contained in paragraph 71 of the Complaint, and therefore denies the same.

72. Paragraph 72 of the Complaint contains conclusions of law, to which no response is required. To the extent that a response is deemed required, Defendant admits the allegations contained in paragraph 72 of the Complaint.

### COUNT II – DECLARATORY JUDGMENT OF NO TRADEMARK INFRINGEMENT

73. Defendant realleges and incorporates by reference its answers to paragraphs 1–72 above as if set forth fully herein.

74. Defendant admits the allegations contained in paragraph 74 to the extent it made a claim of trademark infringement in its March 26, 2018 cease and desist letter sent prior to the instant litigation.

75. Defendant admits the allegations contained in paragraph 75.

76. Defendant admits the allegations contained in paragraph 76.

77. Defendant admits the allegations contained in paragraph 77.

78. Defendant denies the allegations contained in sentences 1, 3 and 4 of paragraph 78 of the Complaint. Defendant admits the allegations contained in the second sentence of paragraph 78.

79. Defendant denies the allegations contained in paragraph 79.

80. Defendant admits the allegations contained in paragraph 80.

81. Defendant admits the allegations contained in paragraph 81.

82. Defendant admits the allegations contained in paragraph 82.

83. Defendant admits the allegations contained in the paragraph 83.

84. Defendant denies the allegations contained in paragraph 84.

85. Paragraph 85 of the Complaint contains conclusions of law, to which no response is required. To the extent that a response is deemed required, Defendant admits the allegations contained in paragraph 85 of the Complaint.

## COUNT III – DECLARATORY JUDGMENT OF NO TRADE DRESS INFRINGEMENT

86. Defendant realleges and incorporates by reference its answers to paragraphs 1–85 above as if set forth fully herein.

87. Defendant admits the allegations contained in paragraph 87.

88. Defendant denies the allegations contained in paragraph 88.

89.     Defendant admits the allegations contained in paragraph 89 to the extent that the trade dress of Zip Top containers is distinguishable from (re)zip bags, and denies the remainder of the allegations.

90.     Defendant admits the allegations contained in paragraph 90 to the extent that the trade dress of Zip Top packaging is distinguishable from (re)zip packaging, and denies the remainder of the allegations.

91.     Paragraph 91 of the Complaint contains conclusions of law, to which no response is required. To the extent that a response is deemed required, Defendant admits the allegations contained in paragraph 91 of the Complaint.

## COUNT IV – DECLARATORY JUDGMENT OF NO BREACH OF NDA

92.     Defendant realleges and incorporates by reference its answers to paragraphs 1–91 above as if set forth fully herein.

93.     Defendant denies the allegations contained in paragraph 93 to the extent that BlueAvocado provided confidential, technical information (including but not limited to intended material to be used, i.e., silicone, along with detailed drawings on how to get seals to seal) to Rebecca Finell pursuant to the NDA only for the limited purpose of furthering discussions of a potential partnership with BlueAvocado, and Rebecca Finell and Plaintiff's use of the confidential technical information, even if using it to develop an alternate method of designing and manufacturing reusable storage bags, was an impermissible and unlawful use of the confidential information.

94.     Defendant denies the allegations contained in paragraph 94 to the extent BlueAvocado provided confidential financial information to Rebecca Finell pursuant to the NDA only for the limited purpose of furthering discussions of a potential partnership with BlueAvocado, and Rebecca Finell and Plaintiffs impermissibly and unlawfully used the confidential financial information to gain a competitive advantage.

95.     Defendant denies the allegations contained in paragraph 95 to the extent that BlueAvocado provided other confidential information to Rebecca Finell pursuant to the NDA only for the limited purpose of furthering discussions of a potential partnership with BlueAvocado, and Rebecca Finell and Plaintiff impermissibly and unlawfully used the other confidential information, including market strategy and analysis, consumer insights, competitive positioning, and buyer traction to gain a competitive advantage.

96.     Paragraph 96 of the Complaint contains conclusions of law, to which no response is required. To the extent that a response is deemed required, Defendant denies the allegations contained in paragraph 96 of the Complaint.

## COUNT V – DECLARATORY JUDGMENT OF NO MISAPPROPRIATION OF TRADE SECRETS

97.     Defendant realleges and incorporates by reference its answers to paragraphs 1–96 above as if set forth fully herein.

98.     Defendant denies the allegations contained in paragraph 98 to the extent that Rebecca Finell and Plaintiffs were provided other trade secrets beyond what was disclosed in the patents.

99.     Defendant denies the allegations contained in paragraph 99 to the extent that BlueAvocado's financial trade secrets were misappropriated in other ways than in funding the development and promotion of Zip Top containers.

100.    Defendant denies the allegations contained in paragraph 100 to the extent that BlueAvocado provided other protected trade secrets to Rebecca Finell and Plaintiffs that were impermissibly and unlawfully used to gain a competitive advantage.

101.    Paragraph 101 of the Complaint contains conclusions of law, to which no response is required. To the extent that a response is deemed required, Defendant denies the allegations contained in paragraph 101 of the Complaint.

In addition to the above, Defendant denies all claims and allegations not unequivocally admitted herein.

## COUNTERCLAIMS

### I.
### Nature of Action

1.      This is a civil action for breach of contract, trade dress infringement under federal and State of Texas statutory and common law, false designation of origin, misappropriation under Texas common law, and trade secret misappropriation under federal and Texas common law to recover damages, profits, treble damages or profits, attorneys' fees, and costs.

2.      This case involves Plaintiffs' use of BlueAvocado's confidential and proprietary information in breach of a non-disclosure agreement, and misappropriation of BlueAvocado's protected trade secrets and confidential information, for an improper purpose to gain an unlawful competitive advantage in the reusable storage bag marketplace.

3.      Plaintiffs have also unlawfully designed and marketed their competitive products in branding and packaging that so resembles BlueAvocado's branding, packaging, and overall trade dress as to create confusion in the marketplace and profit off BlueAvocado's reputation and goodwill.

### II.
### Parties

4.      BlueAvocado Co. is a corporation organized under the laws of the State of Texas and having a principal place of business at 6500 River Place Blvd., Bldg. 7, Suite 250, Austin, Texas 78730.

5.      Upon information and belief, Plaintiff Zip Top, LLC ("Zip Top"), is a limited liability company organized under the laws of the State of Texas.

6.      Upon information and belief, Plaintiff Finell Co., LLC ("Finell Co."), is a limited liability company organized under the laws of the State of Texas.

### III.
### Jurisdiction and Venue

7.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1367, as BlueAvocado's counterclaims are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

8.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2). Venue is also proper under the NDA (see Exhibit F of Plaintiff's Original Complaint) which states: "Any action or proceeding seeking to enforce any provision of, or based on any right arising out of, this Agreement may be brought against either of the parties in the courts of the State of Texas, County of Travis, or, if it has or can acquire jurisdiction, in the United States District Court for the Western District of Texas, Austin Division, and each of the parties consent to the jurisdiction of such courts (and the appropriate appellate courts) in any such action or proceeding and waives any objection to jurisdiction or venue laid therein."

## IV.
## Factual Background

### A.  BlueAvocado Business and Intellectual Property

#### a.  BlueAvocado's Business

9.      Since 2007, BlueAvocado has designed, manufactured, marketed, and sold its brand of leakproof, reusable storage bags, including washable reusable shopping, lunch, storage, pet and waste bags, and has prided itself in providing thoughtful, award-winning designs and creative solutions for a greener, simpler life.

10.     BlueAvocado is a Certified B-Corporation, meaning it has met the third-party standards of verified social and environmental performance, public transparency, and legal accountability to balance profit and purpose.

11.     Its flagship line of products is its (re)zip reusable storage bags and solutions, which minimize the use of disposables baggies were first introduced in 2011 with a "zipper" to seal.

BlueAvocado expanded the product line to include a resealable seal and volume measurement in 2014, filing patents on this innovation. In 2015, it introduced color (re)zips and rebranded in 2016.

12.     Its products have been featured in numerous print publications and television, and its (re)zip product line was awarded the 2015 and 2016 Green GOOD DESIGN Award. It was also heralded as one of the "Top 100 products in the world" by The European Center for Architecture Art Design and Urban Studies and the Chicago Athenaeum: Museum of Architecture and Design. In 2015, the (re)zip solutions also earned the "best food storage bag" spot in *Good Housekeeping* magazine's kitchen test, and Cook's Illustrated America's Test Kitchen "best reusable storage bag" in 2017. BlueAvocado has been a disruptor of categories and has a clear vision for expanding its footprint in reusable storage.

13.     BlueAvocado sells its products in retailers such as Whole Foods, Amazon, Bed Bath & Beyond, Staples, and Office Depot/Office Max.

        **b.  BlueAvocado's Intellectual Property**

14.     BlueAvocado owns a granted utility patent, Utility Patent No. US10000033B2, for embodiments of a versatile storage bag and methods of making same.

15.     It also owns a pending utility patent, U.S. Patent Application No. 14598511, for embodiments of a volume control storage bag and methods of making same.

16.     BlueAvocado has one design patent for a lay-flat bag, U.S. Design Patent No. D753444.

17.     BlueAvocado also owns U.S. Reg. No. 4615447 for the registered trademark (RE)ZIP® for use on "resealable plastic snack bags, reusable plastic food storage bags for household use."

18.     Aside from registrations and applications for registration to protect its intellectual property, BlueAvocado has also developed information that constitutes trade secrets, and confidential and protected property.

19.     Over the years of selling its products, BlueAvocado had conducted extensive customer and market analysis that has informed its prospective business strategies.

20.     This research and analysis has included, but was not limited to: (i) gaps in the market and white space to pursue, and such BlueAvocado whitespace vision; (ii) major retailer interest and expansion points in the product category; (iii) the number of stock keeping units ("SKUs") a buyer or retailer would try in this product category; (iv) new product branding and colors in the product category that buyers felt were appealing; (v) potential acquirers' interest in the product category; (vi) product competitive positioning; (vii) market opportunities and the types of new products and improvements to existing products that were desired; and (viii) top-selling and new colors in the (re)zip 2017 product line (collectively, items (i) through (viii), and as further expanded herein, the "Confidential Information"). The Confidential Information also included BlueAvocado's conclusion—supported by its market research and analysis that indicated its buyers and customers desired a high-heat, silicone-based reusable bag, and that such an opportunity for growth existed in that space given the state of competition—that expanding the (re)zip line into silicone-based reusable bags and containers represented an opportunity for company growth and significant value to the company.

21.     This information was gathered over years of research and analysis and represented valuable opportunities for BlueAvocado to generate competitive advantage in the marketplace and produce significant economic value.

22.     This internal research and analysis were not publicly available, derived independent economic value, and constituted trade secrets and the confidential, proprietary information of BlueAvocado.

23.     BlueAvocado has taken reasonable measures to keep such information secret, including keeping such trade secrets confined to a close group of executives, key employees, and board of director members, and requiring any person or entity to whom it divulges such trade secrets to sign non-disclosure agreements.

24.     In July 2016, to elicit more impact at retail, BlueAvocado redesigned its (re)zip solutions brand and packaging.

25.     BlueAvocado invested in rebranding its products from "BlueAvocado (re)zip" with white packaging to simply "(re)zip" and minimizing the BlueAvocado logo. This rebranding effort marked a significant investment led by a leading consumer products marketing firm with access to consumer insights afforded by study of categories at Target to drive visibility and velocity at point of sale.

26.     As a result, the logo was changed to an all-black background with the mark "(re)zip" depicted in simple, white font with a lime green accent on either the "(re)" or "zip" portion of the word mark, depending on the product, with the packaging itself being a black box with the logo prominently displayed at the top of the product box.

27.     The investment in rebranding was designed to distinguish BlueAvocado's products in the category of reusable storage, where other brands in the category like Stasher, LunchSkins or Itzy Ritzy, use white or green backgrounds.

28.     Accordingly, BlueAvocado has trade dress rights in the overall look and appearance of the (re)zip product line, including its distinctive packaging. The trade dress is non-functional.

29.     BlueAvocado has enjoyed sales of its (re)zip products throughout the United States, including sales to customers in the State of Texas.

30.     Through BlueAvocado's consistent and extensive use of its trade dress, these designs have become well-known indicators of origin and quality of BlueAvocado's (re)zip products.

**B. BlueAvocado's Relationship with Rebecca Finell and Plaintiffs**

31.     In October 2016, BlueAvocado representatives opened a dialogue with Rebecca Finell (now and at the time, CEO of Finell Co., and currently CEO of Zip Top) to begin exploring a proposed investment and product design partnership relationship with BlueAvocado (the "Transaction").

32.     A non-disclosure agreement ("NDA") dated October 14, 2016, that identified BlueAvocado as the party disclosing confidential information, and Rebecca Finell in her individual capacity as the party receiving the confidential information, was entered between the parties before further discussions about the Transaction proceeded. See Exhibit F of Plaintiff's Original Complaint for a true and correct copy of the NDA.

33.     In early November 2016, Ms. Finell was introduced to the BlueAvocado executive team and board of directors, and a draft partnership proposal was provided to Ms. Finell outlining a proposed scope of work and compensation.

34.     The proposed scope of work included developing a new line of products demonstrating the (re)zip 2.0 lightweight storage bag concept in new materials of silicone for high-heat applications like microwave and dishwasher.

35.     In furtherance of these discussions, and pursuant to the NDA, the Confidential Information was shared with Ms. Finell for the sole and exclusive purpose of furthering discussions related to the Transaction.

36.     The reasons and strategic purpose for BlueAvocado's rebranding of its (re)zip line and packaging was also shared with Ms. Finell pursuant to the NDA.

37.     Furthermore, three proposed slides from an upcoming shareholder's meeting were also provided to Ms. Finell pursuant to the NDA. The slides offered a clear product roadmap and vision demonstrating how the new (re)zip silicone product line that Ms. Finell was to design and market would be positioned to market against the existing line of (re)zip products. The slides also highlighted certain key features BlueAvocado intended to exploit, including microwaveable and dishwasher safe products, and target price points based on consumer need and competitive research.

38.     Ms. Finell returned a signed copy of a proposed term sheet to BlueAvocado on or around December 15, 2016.

39.     On December 16, 2016, Ms. Finell attended a BlueAvocado annual shareholder's meeting, at which time confidential, proprietary information was shared with attendees concerning, among other items, the company's 2016 financial performance, sales by channel, sales by category, brand redesign, strategy to drive demand, market overview, investment opportunity and revenue outlook. Ms. Finell spoke at the shareholder's meeting and explained how she intended to develop the new products and expand on BlueAvocado's foundation to reach new markets, price points and distribution partners.

40.     On or around January 23, 2017, a BlueAvocado Senior Product Manager sent to Rebecca Finell some drawings and tooling recommendations related to BlueAvocado's (re)zip products.

41.     On or around January 23, 2017, BlueAvocado's CEO sent Ms. Finell a revised version of the proposed term sheet for her review and signature. Ms. Finell responded that she had decided to pass on the partnership opportunity with BlueAvocado.

42.     On or around January 25, 2018, the BlueAvocado CEO sent Ms. Finell a counter-signed version of the December 2016 term sheet. Ms. Finell again reiterated that she was rejecting all BlueAvocado proposals for partnership, including the December 2016 and January 2017 versions of the term sheet.

43.     The following year at the March 2018 International Home + Housewares Show in Chicago, Illinois, BlueAvocado representatives discovered that Ms. Finell launched the Zip Top brand, a line of silicone-based and high-heat resistant reusable bags meeting the exact product features that BlueAvocado had recruited Ms. Finell to design for the company.

44.     Her tradeshow booth and Zip Top products incorporated a branding and packaging theme was the term "ZIP TOP" in white font against a black background and that is confusingly similar to BlueAvocado's branding and packaging elements.

45.     Ms. Finell and Plaintiffs currently market the Zip Top products on www.ziptop.co, such website bearing the same confusingly similar trade dress as is used on BlueAvocado's (re)zip packaging.

46.     The Plaintiffs' actions in using BlueAvocado's Confidential Information for purposes other than furthering discussions of the Transaction constitute breach of contract, common law and statutory trade dress infringement, common law and statutory misappropriation of trade secrets, and common law misappropriation. The Plaintiffs' unauthorized use of a trade dress confusingly similar to BlueAvocado's trade dress constitute trade dress infringement and are an attempt to unfairly compete in violation of Federal and State law.

47.     Plaintiffs' unauthorized use of the Confidential Information, trade secrets, and protected trade dress of BlueAvocado has allowed Plaintiffs to receive an unfair competitive advantage and to benefit from the goodwill built up at BlueAvocado's great labor and expense. As a result of the

breach of contract, trade secret misappropriation, trade dress infringement, and unfair competition, BlueAvocado has experienced significant damage for which this action now seeks recompense.

## V.
## Count One – Breach of Contract as to Plaintiff Finell Co.

48.     BlueAvocado incorporates the foregoing paragraphs as if set forth fully herein.

49.     There is an enforceable agreement between BlueAvocado and Finell Co. by which BlueAvocado disclosed certain Confidential Information to Rebecca Finell and Finell Co. for the sole and exclusive purpose of furthering discussions for the Transaction.

50.     Finell Co. breached the contract by using the Confidential Information beyond furthering discussions of the Transaction, but rather for improper purposes, including exploiting the Confidential Information for its own unfair competitive advantage and economic gain.

51.     As a result of Finell Co.'s breach of contract, BlueAvocado has lost the ability to secure a competitive advantage by developing a type of product that it had identified at great effort and expense as being in an area that presented tremendous opportunity for profitability.

52.     Thus, BlueAvocado was damaged by Finell Co.'s breach of contract.

53.     Finell Co.'s breach of contract is a proximate cause of BlueAvocado's damages.

54.     All conditions precedent to recovery by BlueAvocado on its breach of contract claim against Plaintiffs have occurred, been performed, or waived by Plaintiffs.

55.     By reason of the foregoing and as a direct and proximate result of Plaintiffs' breach of contract, BlueAvocado has suffered and will continue to suffer damages in an amount that is not presently ascertainable but will be established at trial.

## VI.
## Count Two –Misappropriation of Trade Secrets Under Texas Common Law

56.     BlueAvocado incorporates the foregoing paragraphs as if set forth fully herein.

57.     The acts of Plaintiffs complained of above constitute misappropriation of trade secrets under Texas common law.

58.     The elements of common law misappropriation of trade secrets in the State of Texas are: (1) existence of a trade secret; (2) breach of a confidential relationship or improper discovery of a trade secret; (3) use of the trade secret; and (4) damages. *Trilogy Software, Inc. v. Callidus Software, Inc.*, 143 S.W.3d 452, 463 (Tex. App. –Austin 2004, pet. denied).

59.     A "trade secret" may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives it an opportunity to obtain an advantage over competitors who do not know or use it. *Id.*

60.     BlueAvocado's Confidential Information as described herein is a compilation of information used in BlueAvocado's business which gives it an opportunity to obtain an advantage over competitors who do not know or use it, and thus constitutes trade secrets.

61.     BlueAvocado and the Plaintiffs had a confidential relationship by virtue of the NDA under which such trade secrets were provided to Plaintiffs.

62.     Plaintiffs have used BlueAvocado's trade secrets to obtain a competitive advantage, which includes but is not limited to using BlueAvocado's Confidential Information to develop products competitive with BlueAvocado's products and by incorporating product features anticipated to be developed by BlueAvocado.

63.     BlueAvocado has been damaged by Plaintiffs' use of its trade secrets.

64.     By reason of the foregoing and as a direct and proximate result of Plaintiffs' infringing and unlawful actions, BlueAvocado is seeking monetary damages in such amount that is not presently ascertainable but will be established at trial.

## VII.
## Count Three – Trade Secret Misappropriation Under 18 U.S.C. § 1836

65.     BlueAvocado incorporates the foregoing paragraphs as if set forth fully herein.

66.     BlueAvocado is the owner of certain valuable trade secrets, including but not limited to the Confidential Information.

67.     These trade secrets are related to BlueAvocado's products that are used in interstate commerce.

68.     BlueAvocado has expended considerable time, effort, and expense to compile its trade secret information related but not limited to sales and marketing strategy, product strategy, customer needs, and technology innovation, as described above, creating significant value for BlueAvocado.

69.     The trade secrets are not known to the public and are not readily ascertainable by proper means to persons who could derive value from their disclosure or use.

70.     Each of the BlueAvocado trade secrets mentioned herein, including the BlueAvocado Confidential Information, derives independent economic value, actual and/or potential, from not being generally known to, and not being readily ascertainable through proper means, by another person who can obtain economic value from the disclosure or use of the information.

71.     BlueAvocado undertook reasonable methods to maintain the secret of its confidential trade secret information, including but not limited to, requiring those to whom it was disclosed to sign non-disclosure agreements and by ensuring limited access to trade secret information.

72.     These trade secrets are of substantial economic value and have conferred a competitive advantage on BlueAvocado.

73.     On information and belief, Plaintiffs have at least used BlueAvocado's trade secret information to gain an unlawful competitive advantage in the reusable storage bag marketplace.

74.     On information and belief, Plaintiffs' continued use of these trade secrets is willful and malicious, and BlueAvocado is entitled to recover enhanced damages and its reasonable attorneys' fees.

75.    By reason of the foregoing and as a direct and proximate result of Plaintiffs' infringing and unlawful actions, BlueAvocado is seeking monetary damages in such amount that is not presently ascertainable but will be established at trial.

## VIII.
### Count Four –Trade Secret Misappropriation
### Under Tex. Civ. Prac. & Rem. Code §134A.002

76.    BlueAvocado incorporates the foregoing paragraphs as if set forth fully herein.

77.    BlueAvocado is the owner of certain valuable trade secrets, including but not limited to the Confidential Information.

78.    These trade secrets are related to BlueAvocado's products that are used in interstate commerce.

79.    BlueAvocado has expended considerable time, effort, and expense to compile its trade secret information related but not limited to sales and marketing strategy, product strategy, customer needs, and technology innovation, as described above, creating significant value for BlueAvocado.

80.    The trade secrets are not known to the public and are not readily ascertainable by proper means to persons who could derive value from their disclosure or use.

81.    Each of the BlueAvocado trade secrets mentioned herein, including the BlueAvocado Confidential Information, derives independent economic value, actual and/or potential, from not being generally known to, and not being readily ascertainable through proper means, by another person who can obtain economic value from the disclosure or use of the information

82.    BlueAvocado undertook reasonable methods to maintain the secret of its confidential trade secret information, including but not limited to, requiring those to whom it was disclosed to sign non-disclosure agreements and by ensuring limited access to trade secret information.

83.    These trade secrets are of substantial economic value and have conferred a competitive advantage on BlueAvocado.

84.     On information and belief, Plaintiffs have at least used BlueAvocado's trade secret information to gain an unlawful competitive advantage in the reusable storage bag marketplace.

85.     On information and belief, Plaintiffs' continued use of these trade secrets is willful and malicious, and BlueAvocado is entitled to recover enhanced damages and its reasonable attorneys' fees.

86.     By reason of the foregoing and as a direct and proximate result of Plaintiffs' infringing and unlawful actions, BlueAvocado is seeking monetary damages in such amount that is not presently ascertainable but will be established at trial.

## IX.
## Count Five – Misappropriation Under Texas Common Law

87.     BlueAvocado incorporates the foregoing paragraphs as if set forth fully herein.

88.     BlueAvocado's Trade Dress is non-functional, unique and distinctive as to the source of the (re)zip products and has acquired secondary meaning because consumers associate BlueAvocado as the source of goods provided under the Trade Dress.

89.     BlueAvocado created the Trade Dress through extensive time, labor, effort, skill, and money.

90.     BlueAvocado's use of the Confidential Information and Trade Dress predates any alleged use by Plaintiffs in the United States or in the State of Texas.

91.     Plaintiffs have wrongfully used the Confidential Information and Trade Dress in competition with BlueAvocado and gained an unfair advantage, because Plaintiffs were not burdened with the expenses incurred by BlueAvocado.

92.     Plaintiffs have commercially damaged BlueAvocado, at least by causing consumer confusion as to origin and/or sponsorship/affiliation of the infringing products.

93.     The acts complained of above were intentional, willful, with bad faith, as evidenced by Plaintiffs' continuing disregard for BlueAvocado's intellectual property rights and confidential, proprietary information.

94.     By reason of the foregoing and as a direct and proximate result of Plaintiffs' unlawful actions, BlueAvocado is seeking monetary damages in such amount that is not presently ascertainable but will be established at trial.

## X.
## Count Six – Attorneys' Fees

95.     BlueAvocado incorporates the foregoing paragraphs as if set forth fully herein

96.     BlueAvocado is entitled to recover reasonable and necessary attorneys' fees under the provisions of the NDA as set out in Section 14, which provides: "In the event of any action or proceeding to interpret or enforce this Agreement, in whole or in part, the prevailing party shall be entitled to recover from the losing party its reasonable attorney's fees, disbursements and court costs."

97.     Under Section 14 of the NDA, BlueAvocado is entitled to recover its attorneys' fees as the prevailing party in this suit.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully requests as follows:

a)  That Plaintiffs take nothing by way of their Complaint and that Defendant have judgment entered in its favor;

b)  That Defendant be awarded its costs and fees incurred in defense of this action, including reasonable attorneys' fees;

c)  That Defendant be awarded pre- and post-judgment interest according to law; and

d)  Grant Defendant such other and further relief in law or in equity as the Court deems just and proper.

Dated: October 10, 2018

Respectfully submitted,

RESSLER + WYNNE RESSLER, PC
620 Congress Avenue, Suite 320
Austin, Texas 78701
(512) 320-0601 Office
(512) 320-0695 Facsimile

By: */s/ Stephen A. Aguilar /s/*
Stephen A. Aguilar
Texas Bar No. 24064794
stephen@rwrlegal.com
Lance Hevizy
Texas Bar No. 24032418
lance@rwrlegal.com
Jack Reid
Texas Bar No. 24047706
jack@rwrlegal.com

ATTORNEYS FOR DEFENDANT,
BLUEAVOCADO CO.

## CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2018, a copy of the foregoing **DEFENDANT BLUEAVOCADO CO.'S SECOND AMENDED ANSWER AND COUNTERCLAIMS** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by the operation of the Court's electronic filing system and by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Stephen A. Aguilar /s/*
Stephen A. Aguilar